IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH JAMERSON,<br><br>      Plaintiff,<br><br>vs.<br><br>LEWIS, et al.,<br><br>      Defendants. | 1:02-cv-05789-AWI-DLB-P<br><br>**FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>(Doc. 15) |

Plaintiff, Keith Jamerson ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

By order filed April 6, 2006, the court found that plaintiff's complaint failed to state any claims for relief against the named defendants. The court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty (30) days from the date of service of that order. More than thirty days have passed and plaintiff has not filed an amended complaint or otherwise responded to the court's order.[1]

//

---

[1] The United States Postal Service returned the order served on plaintiff on April 17, 2006, as undeliverable. A notation on the envelope indicated: Return to Sender - Not at this address. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. See Local Rule 83-182(f).

1  Local Rule 11-110 provides that "failure of counsel or of a
2 party to comply with these Local Rules or with any order of the
3 Court may be grounds for the imposition by the Court of any and all
4 sanctions . . . within the inherent power of the Court." District
5 courts have the inherent power to control their dockets and "in the
6 exercise of that power, they may impose sanctions including, where
7 appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
8 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action,
9 with prejudice, based on a party's failure to prosecute an action,
10 failure to obey a court order, or failure to comply with local
11 rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
12 1995)(dismissal for noncompliance with local rule); Ferdik v.
13 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
14 failure to comply with an order requiring amendment of complaint);
15 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
16 failure to comply with local rule requiring pro se plaintiffs to
17 keep court apprised of address); Malone v. U.S. Postal Service, 833
18 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
19 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
20 1986)(dismissal for failure to lack of prosecution and failure to
21 comply with local rules).

22  In determining whether to dismiss an action for lack of
23 prosecution, failure to obey a court order, or failure to comply
24 with local rules, the court must consider several factors: (1) the
25 public's interest in expeditious resolution of litigation; (2) the
26 court's need to manage its docket; (3) the risk of prejudice to the
27 defendants; (4) the public policy favoring disposition of cases on
28 their merits; and, (5) the availability of less drastic

2

1 alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at
2 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61;
3 <u>Ghazali</u>, 46 F.3d at 53.
4      In the instant case, the court finds that the public's
5 interest in expeditiously resolving this litigation and the court's
6 interest in managing the docket weigh in favor of dismissal as this
7 case has been pending since 2002.  The third factor, risk of
8 prejudice to defendants, also weighs in favor of dismissal, since a
9 presumption of injury arises from the occurrence of unreasonable
10 delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d
11 522, 524 (9th Cir. 1976).  The fourth factor -- public policy
12 favoring disposition of cases on their merits -- is greatly
13 outweighed by the factors in favor of dismissal discussed herein.
14 Finally, a court's warning to a party that his failure to obey the
15 court's order will result in dismissal satisfies the "consideration
16 of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at
17 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The
18 court's order of April 6, 2006, requiring plaintiff to file an
19 amended complaint, expressly stated: "...failure to file an amended
20 complaint in accordance with this order will result in dismissal of
21 this action for failure to state a claim and failure to comply with
22 the court's order."  Thus, plaintiff had adequate warning that
23 dismissal would result from non-compliance with the court's order.
24      Accordingly, it is HEREBY RECOMMENDED that this action be
25 DISMISSED for plaintiff's failure to obey the court's order of
26 April 6, 2006, and for the reasons set forth therein, namely, for
27 failure to state a claim upon which relief may be granted.
28 //

1    These Findings and Recommendations are submitted to the United
2 States District Judge assigned to the case, pursuant to the
3 provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days**
4 after being served with these Findings and Recommendations,
5 plaintiff may file written objections with the court.  Such a
6 document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure
8 to file objections within the specified time may waive the right to
9 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
10 (9th Cir. 1991).
11    IT IS SO ORDERED.
12    **Dated:   June 19, 2006**            **/s/ Dennis L. Beck**
                                            UNITED STATES MAGISTRATE JUDGE
   3c0hj8

4